PATRICIA SHUFELT
20823 Placerita Canyon Rd
Newhall, CA 91321
~~(702)~~ 492-3991
661

FILED ___ RECEIVED ___
ENTERED ___ SERVED ON ___
COUNSEL/PARTIES OF RECORD

MAY 6 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

PATRICIA A. SHUFELT

    Plaintiff,

vs.

JUST BRAKES CORPPORATION

    Defendants

CASE No:

**COMPLAINT**
**JURY DEMAND**

**2:16-cv-01028-GMN-CWH**

Plaintiff complaining of the defendant, as follows:

**PARTIES**

1. Plaintiff Patricia Shufelt is an adult female citizen of the United States of America and a resident of Canyon County, California.

2. Plaintiff avers on information and belief that defendant, Just Brakes, is a corporation organized and existing under the laws of the United States of America, is qualified to do business in Nevada and does business in Clark County under the name "Just Brakes."

3. The defendant is an "employer" within the meaning of section 701(b) of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

4. Defendant is an employer within the meaning of the American with Disabilities Act, as amended, 42 U.S.C. § 12103(5) et. Seq. Defendant is engaged in an industry affecting or in the production of goods for commerce.

1
COMPLAINT

5. As an employer with more than 15 employees, Defendant is required to comply with all state and federal statutes and laws prohibiting discrimination because of disability.

6. Defendants does 1 through 10 are fictitious names; that Plaintiff is ignorant of the true names of the individuals, corporations, partnerships, or other business entities so designed by fictitious names, and when the true names are discovered, Plaintiff prays leave to amend this complaint to substitute the true names of said defendants. Plaintiff alleges that each of the defendants designated fictitiously are liable to Plaintiff for acts of which Plaintiff herein complains.

## JURISDICTION AND VENUE

7. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. sections 1337, 1331 and 1343(4) and 42 U.S.C. section 2000e- 5(f) and the American with Disabilities Act (Hereafter ADA), 42 U.S.C. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e, et seq. ("Title VII")

8. This action also arises out of claims arising out of Nevada's antidiscrimination statues, NRS § 613.330 as well as claims arising under the common law of the State of Nevada. These claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. As such these claims are properly within h Court's jurisdiction pursuant to 28 U.S.C. § 1367 (a).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because the unlawful employment practices were commit in arose in the District of Nevada.

## ADMINISTRATIVE PROCEDURES

10. Plaintiff has satisfied all administrative an jurisdictional conditions precedent before filing suit and has received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated February 2, 2016.

## FIRST COUNT
(Sexually Hostile Work Environment)

11. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 10 as though the same were stated fully herein.

12. Plaintiff began working for Defendant on August 14, 2012 as the assistant manager and then manager for a "Just Brakes" known as shop #714 located at 6315 E. Russel Rd., Las Vegas, NV 89122.

13. Beginning upon Plaintiff's first day of employment, Plaintiff began routinely being subjected to regular and frequent acts of discrimination, harassment, retaliation, threats and unequal treatment in an overall hostile and/or offensive work environment. As a result of conduct and actions of Defendant and its agents, said conduct in violation of 42 U.S.C. Section 2000 et seq., Title VII of the Civil Rights Act of 1964 as mended and Nevada state law. This conduct includes, but is not limited to, being routinely and baselessly criticized, being given different responsibilities than other co-workers, being threatened by employees, having unwanted sexual advances and vulgar statements of a sexual nature directed toward her, being sexually assaulted, being demeaned in front of co-workers, not being able to take sick days, not being given an assistant manager when she became manager, and not allowing for time off. Plaintiff suffering from sexual and gender based harassment and discriminatory conduct, behavior from agents of the Defendant, from which the Defendant failed to take any reasonable steps or conduct to prohibit or protect Plaintiff. Plaintiff suffering unequal treatment based on her sex and gender by agents of the Defendant; Plaintiff suffering an overall hostile work environment and sexual harassment caused by actions and conduct of agents of the Defendant. Plaintiff suffering an unfounded and improper termination from employment on February 7, 2014.

14. Plaintiff believes, and thus avers, that the effect of the defendant's unlawful employment practices has been to limit, classify and discriminate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII; and plaintiff, a victim of such practices, is now and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to her solely because of her sex in sums to be proved at trial

//
//

## SECOND COUNT

(Negligent Supervision)

15. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. Defendant was responsible for the supervision and employment of its agents to ensure that said agents performed their duties and functions in accordance with state and federal law.

17. Plaintiff repeatedly complained about the discriminatory behavior Plaintiff was being subjected to but the discriminatory behavior continued.

18. Defendant was placed on notice of the sexual based discrimination and harassing conduct being directed against Plaintiff, however Defendant negligently, willfully, carelessly and recklessly failed to properly supervise its agents allowing harm to Plaintiff.

19. On or about February 18, 2014 with Remy Harlison (Harlison) who was now in Plaintiffs mangers position. Plaintiff went to Harlison to for help in completing her short term disability forms and faxing them to corporate. Plaintiff was upset and crying Harlison hugged Plaintiff, while hugging her Harlison grabbed her breast.

20. As a direct and proximate result of his negligent supervision by Defendant, Plaintiff suffered harm and damages in an amount according to proof at trial. To the extent that the Defendant's conduct was willful and malicious, Plaintiff seeks an award of punitive damages to be determined at trial.

21. Plaintiff is entitled to recover from the defendant reasonable attorneys' fees as provided in section 706(k) of Title VII.

## THIRD COUNT

(Intentional Infliction Emotional Distress)

22. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 21 as though the same were stated fully herein.

23. During plaintiff's employment by the defendant, one of its officers, acting without plaintiff's consent, and contrary to her stated wishes, touched her in a sexual manner on more than one occasion. Another officer of the defendant sexually importuned plaintiff, verbally and otherwise in a vulgar and unwelcome manner. This conduct and other incidents of harassment because of plaintiff's

sex exceed the bounds of decency tolerated in the State of Nevada. The harassment directed at the plaintiff which ultimately caused the termination of her employment was either intended to cause her severe emotional distress or was perpetrated with a reckless indifference to the likelihood that it would cause such distress. By the time Plaintiff was forcibly terminated this harassment directed at plaintiff had, in fact, caused her such severe emotional distress that she was obliged to move from the state in with family to protect her well-being and recover from the illness brought on by the emotional distress. Defendant is, therefore, liable to the plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of its officers.

24.    In addition to the relief afforded by Title VII, plaintiff seeks, as a result of the intentional infliction of mental distress upon her, compensatory damages incurred or to be incurred by her and punitive damages in an aggregate amount in excess of $10,000.

## FOURTH COUNT

(Violation of the ADA & NRS 613.330)

25.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 24 as though the same were stated fully herein.

26.    On or approximately January 7, 2014, Plaintiff went to her doctor, after being intentionally exposed to Freon by a disgruntled employee and fighting the H1 virus. Plaintiff's doctor immediately put her on complete bed rest. Plaintiff had followed policy and contacted HR as well as her supervisor of her condition. Plaintiff's treating doctor completed the short term disability claim form from Sun Life Assurance Company of Canada (Sun Life) and forwarded to them to Sun Life.

27.    Plaintiff was placed on disability by her doctor from January 7, 2014 through January 21, 2014.

28.    On or about January 2014, Sun Life forwarded to Defendant the short term disability forms to be completed by Defendant. These forms were necessary to complete and approve Plaintiff's short term disability claim for payment. Despite Sun Life's numerous requests and resending the forms, Defendant failed to complete and send the forms back to Sun Life.

5
COMPLAINT

29. After returning to work on or about January 21, 2014 Plaintiff made several inquiries to Sun Life on the status of her disability insurance payments, each time she was told Defendant had not completed the requested forms.

30. Plaintiff then inquired with Defendant's Human Resources Department (HR) on the status of her Disability forms, she was told by the HR representative that Plaintiff's Manager stated she was "Faking" her illness and not to complete the forms. Plaintiff complained many times to HR who did not take any action.

31. Defendant's HR department did not complete the necessary forms sent by Sun Life until April 7, 2014, as a direct result of Defendant's refusal to complete the necessary forms Plaintiff did not receive disability payments for her disability period until May 2014. When Plaintiff was paid she was only paid for four days of short term disability.

32. On or about February 6, 2014 Plaintiff was ordered by herself to do an inventory and clean the shop for inspection. It took Plaintiff until 2:00 am the next day to complete the inventory. She was physically exhausted, which caused her to be later than usual getting to work.

33. On or about February 7, 2014 Plaintiff's supervisor (Lee McCracken) told her to leave the shop and not come back for three days. Furthermore, Plaintiff's supervisor told her to not call him but that he would contact her. When Plaintiff inquired about her employment with HR, they stated that Plaintiffs supervisor had informed HR that Plaintiff had quite working there. Plaintiff denied this claim but none the less was terminated.

34. In or about March, 2014 Plaintiff had learned that her supervisor thought Plaintiff was faking illness and did not fill out any paperwork for short term disability while Plaintiff was disabled.

35. Defendant's termination of Plaintiff and the intentional delay of Plaintiff's short term disability payment violated the ADA and N.R.S §613.330 et.seq.

36. As direct and proximate cause of Defendant's violations, Plaintiff has been damaged in an amount to be determined at trial

37. Plaintiff has been forced to procure the services of an attorney to represent her in this matter and pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to her attorney's fees as a result of Defendants acts.

38. Plaintiff is entitled to both compensatory and punitive damages because of Defendant's violations of the ADA.

39. Furthermore, Defendant's actions were malicious, oppressive, fraudulent and/ or done with reckless indifference to Plaintiff's rights, thus justifying an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief against Defendant as follows:

1. For a trial by Jury;
2. For compensatory and punitive damages
3. Prejudgment interest;
4. Reasonable attorneys' fees and costs; and
5. Such other relief the Court deems just.

## JURY DEMAND

Pursuant to Fed. R.Civ.P. 38(b), 42 U.S.C. §1981 a (c)(1), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated: 5-2-16

Patricia Shufelt

7

COMPLAINT