# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA SHUFELT, | Case No. 2:16-cv-01028-GMN-CWH |
| Plaintiff, | |
| v. | |
| JUST BRAKES CORPORATION, | **ORDER** |
| Defendant. | |

Presently before the Court is pro se Plaintiff Patricia Shufelt's complaint (ECF No. 4), filed on May 16, 2016. The Court previously screened Plaintiff's complaint, granting her *in forma pauperis* status, but dismissing the complaint on procedural grounds (ECF No. 3). The Court then vacated that order (ECF No. 6). The Court now reconsiders Plaintiff's complaint.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Plaintiff's request to proceed *in forma pauperis* was granted by the Court on May 16, 2016. (ECF No. 3).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). To screen a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To determine whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Finally, unless it is clear that the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding its deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff submitted a complaint alleging four causes of action against Defendant, her prior employer: (1) fostering a sexually hostile work environment, (2) negligent supervision of employees, (3) intentional infliction of emotional distress, and (4) violation of both the Americans with Disabilities Act (ADA) and Nevada Revised Statutes (NRS) § 613.330. The Court will examine each claim in turn.

### III. Plaintiff's claims

Plaintiff's complaint, construed liberally, alleges the following: Plaintiff was employed by Defendant, Just Brakes Corporation, at one of its locations in Las Vegas, Nevada from approximately August, 2012 until April, 2014. During the time of her employment, Defendant and its employees routinely harassed, criticized, demeaned, and otherwise treated Plaintiff differently from other coworkers because of her sex. (Compl. (ECF No. 4) at 3.) This conduct included an episode of unwanted sexual touching (*Id.* at 4), as well as an incident in which Defendant's employee intentionally exposed Plaintiff to the chemical Freon (*Id.* at 5). This exposure caused Plaintiff to become ill and temporarily disabled. Defendant refused to fully cooperate with her application for disability insurance, thereby preventing her from receiving pay for the full term of her disability.

About two weeks after her return from her illness, Plaintiff was told by her supervisor to go home after arriving to work late, and was then terminated. Based on this alleged conduct, Plaintiff brings the following claims:

### 1. Sexually Hostile Workplace

The Supreme Court has held that "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). To prevail on a claim for sexually hostile work environment, the plaintiff must show that "she perceived her work environment to be hostile, and that a reasonable person in her position would perceive it to be so." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005). The plaintiff must also prove that "any harassment took place because of sex." *Id*.

To determine whether the alleged conduct created an objectively hostile work environment, the Court considers all relevant circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268, 270–71, (2001) (internal quotation marks and citation omitted). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to [a discriminatory environment]." *Dominguez-Curry*, 424 F.3d at 1034 (internal citations and quotation marks omitted). For claimants who are women, the assessment of whether the workplace was objectively hostile is made from the perspective of a reasonable woman. *Id.*

Here, Plaintiff alleges that beginning on her first day of employment, that she was routinely subjected to baseless criticisms, unequal assignment of tasks, unwanted sexual advances, demeaning and vulgar statements of a sexual nature, sexual assaults and threats, and that these actions were based on or otherwise made in connection with her sex. She alleges that these actions resulted in a loss of wages and other normal benefits of employment. Liberally construing Plaintiff's allegations, the Court finds a sufficient basis for a claim of a sexually hostile workplace.

**2. Negligent Supervision**

Under Nevada law, "[an] employer has a duty to use reasonable care in the training, supervision, and retention of his or her employees to make sure that the employees are fit for their positions." *Hall v. SSF, Inc.*, 112 Nev. 1384, 1393 (1996). To succeed in a claim of negligent supervision under Nevada law, a plaintiff must prove: "(1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Richardson v. HRHH Gaming Senior Mezz, LLC*, 99 F. Supp. 3d 1267, 1277 (D. Nev. 2015) (quotation marks and citations omitted).

Here, Plaintiff alleges that she was Defendant's employee, that Defendant had a responsibility to supervise its employees so that they would act lawfully, but that she was subject to harassment and discriminatory conduct from Defendant's employees, including unwelcome sexual touching from a manager. Plaintiff also alleges that she complained about such conduct to Defendant, but that the behavior continued. Plaintiff further alleges that Defendant's failure to properly supervise its employees led to her suffering both financial and physical harm. Liberally construing Plaintiff's allegations, the Court finds a sufficient basis for a negligent supervision claim.

**3. Intentional Infliction of Emotional Distress**

Under Nevada law, to establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 116 Nev. 395, 398–99 (2000). The Nevada Supreme Court has defined "extreme and outrageous conduct" as "conduct which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4 (1998). Conduct that is merely "inconsiderate and unkind" does not rise to the level of outrage. *Id.*

Nevada law also requires that "in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have

4

occurred or, in the absence of physical impact, proof of "serious emotional distress" causing physical injury or illness must be presented." *Olivero*, 116 Nev. at 399.

Here, Plaintiff alleges that she experienced unwanted sexual advances, including unwanted sexual touching, was the target of sexual and otherwise vulgar statements, and that Defendant knew of this conduct but did not act to prevent further occurrences. According to Plaintiff, this conduct caused her emotional distress of such magnitude that she became physically ill and had to move in with family to recuperate. Plaintiff also alleges that she was intentionally exposed to Freon by a co-worker, which caused physical illness requiring a doctor's care and bed-rest for two weeks, and led to subsequent emotional distress. Based on these allegations, Plaintiff makes a claim for emotional distress that is secondary to physical injuries (the illness due to Freon exposure), as well as emotional distress that precipitated physical injuries (the physical reaction to Plaintiff's emotional distress caused by Defendant's sexual misconduct). Liberally construing Plaintiff's allegations, the Court finds a sufficient basis to form a claim for intentional infliction of emotional distress.

### 4. Violation of the ADA and NRS § 613.330

To establish a prima facie case under the ADA, a plaintiff must demonstrate that: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). Under the ADA, "[t]he term 'disability' means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 563 (1999).

As for Plaintiff's state law claim, NRS § 613.330 is Nevada's catch-all statute for unlawful discrimination, including discrimination for disability. The Supreme Court of Nevada has held that "[i]n light of the similarity between Title VII of the 1964 Civil Rights Act and Nevada's anti-discrimination statutes, we have previously looked to the federal courts for guidance in discrimination cases." *Pope v. Motel 6*, 121 Nev. 307, 311 (Nev. 2005) (applying the federal courts'

ADA analysis to a discrimination claim brought under Nevada law).  This Court will therefore apply the same standard for Plaintiff's combined ADA and NRS § 613.330 claim.

Here, Plaintiff alleges that she was disabled because, while at work, one of Defendant's employees intentionally exposed her to Freon, and that when she sought medical attention she was ordered by her doctor to remain at home on bed rest for 14 days.  Plaintiff further alleges that she was able to return to work, but Defendant did not acknowledge her disability and refused to cooperate with Plaintiff in filing for short-term disability, thereby preventing her from receiving pay for the full term of her disability.  Plaintiff also alleges that her disability led to her eventual dismissal.  Liberally construing Plaintiff's allegations, the Court finds a sufficient basis for a claim of violation of the ADA and NRS § 613.330.

**IV.    Conclusion**

Upon review, the Court finds that Plaintiff's states a a claim for (1) sexually hostile workplace, (2) negligent supervision, (3) intentional infliction of emotional distress, and (4) violation of the ADA and NRS § 613.330.  The Court has previously approved Plaintiff's *in forma pauperis* status, so under 28 U.S.C. § 1915(e)(2), this action may proceed without Plaintiff paying a filing fee.

//
//
//
//
//
//
//
//
//
//
//
//

IT IS THEREFORE ORDERED that Plaintiff is not required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff a USM-285 form and a proposed summons form, along with a copy of this Order. Upon receipt, Plaintiff must complete both forms with all required information and return them to the Clerk within thirty days.

IT IS FURTHER ORDERED that upon receipt of the completed USM-285 form from Plaintiff, the Clerk of Court must issue a summons to Just Brakes Corporation, and deliver the summons, the USM-285, a copy of Plaintiff's complaint (ECF No. 4), and a copy of this Order to the U.S. Marshal for service on Just Brakes Corporation.

DATED: January 25, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge