**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

PATRICIA A. SCHUFELT,

        Plaintiff,

vs.

JUST BRAKES CORPORATION,

        Defendant.

2:16-cv-01028-GMN-CWH

**ORDER**

Before the court are plaintiff's counsel's Declaration (ECF No. 22) and defendant's Response (ECF No. 23).

Toward the end of the three hour Early Neutral Evaluation Conference held in this case on May 25, 2017, (ECF Nos. 14 & 21) it was disclosed that defendant's representative, Harry Zuber, did not possess binding authority to settle this matter up to the full amount of the claim. In fact, he had an express limit to his authority, above which he was not authorized to proceed. Defendant was thus in non-compliance with this court's order requiring the physical presence at the ENE of a representative with binding authority to settle this matter up to the full amount of the claim. (ECF No. 14).

In its Response (ECF No. 23) defendant explains that a representative with the requisite authority had planned to attend the ENE, but plans were changed. The representative with authority was available by phone, but not attending the ENE in person.

The order scheduling the ENE mandated procedures to request an exception to this attendance requirement. Those procedures were not followed. Defendant's confidential settlement statement identified the representative attending the conference as, "Just Brakes' Area Director, Mr. Harry Zuber,

who will have full decision-making authority on behalf of Defendant." The undersigned prepared for and conducted the ENE accordingly.

These circumstances were discussed on the record in court. As the details of settlement negotiations pervaded the hearing, the record was sealed. LR 16-5. (ECF No. 21). At the conclusion of the hearing a deadline was set for Plaintiff's counsel to file an affidavit regarding fees and costs incurred with regard to the failed ENE conference. Time for a response was also set. The parties complied, and their filings are now before the court.

Plaintiff's request for the value of her hotel room, which she received for free, will be denied. In all other respects her request for fees and costs are granted.

At the hearing on May 25, 2017, the ENE was scheduled to resume on June 30, 2017. In their Response (ECF No. 23) defendant states that a scheduling conflict has a caused defense counsel to reach out to plaintiff's counsel to stipulate to a further continuance. Before reading defendant's Response, this court entered an order moving the continued ENE due to a conflict in its schedule. The new date is July 7, 2017. If this creates a conflict for counsel, the court will entertain a stipulation for further continuance.

IT IS HEREBY ORDERED that defendant must pay, on or before June 30, 2017, One Thousand Two Hundred Thirty-one Dollars and 41 Cents ($1,231.41) to Plaintiff's Counsel's Trust Account.

IT IS FURTHER ORDERED that should the parties wish to move the currently scheduled July 7, 2017, date for the continued ENE, they must file with the court, on or before June 27, 2017, a proposed stipulation and order suggesting three alternative dates for the continued conference.

DATED this 13th day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE